**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KIRSTEN DAHLGREN,** Individually and as
Parent having custody and
Natural Guardian of DKD and
GWD,

                **Plaintiff,**              1:13-cv-386
                                                (GLS/RFT)

       **v.**

**STATE FARM LIFE & ACCIDENT
ASSURANCE COMPANY,**

                **Defendant/
                Counterclaimant
                and Third-Party
                Plaintiff**

       **v.**

**JESSICA J. DAY** and **BRANT K. DAY,**

                **Third-Party
                Defendants.**
_____

# ORDER

Pending before the court is defendant/counterclaimant and third-party plaintiff State Farm Life & Accident Assurance Company's unopposed motion for entry of default judgment and interpleader relief against third-party defendant Brant K. Day ("Brant"). (Dkt. No. 34.) For the

reasons set forth below, the motion is granted.

With respect to State Farm's request for entry of default judgment, the court notes that all of the requirements of Fed. R. Civ. P. 55 have been met. On April 9, 2013, State Farm filed a third-party complaint naming both Jessica J. Day ("Jessica") and Brant as third-party defendants. (Dkt. No. 5.) As relevant to this motion, Brant was personally served with the summons and third-party complaint on June 19, 2013. (Dkt. No. 27.) Brant failed to respond in any way, and his time to answer or otherwise respond expired on July 10, 2013. *See* Fed. R. Civ. P. 12(a). Pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.1, State Farm petitioned the Clerk to enter default against Brant,[1] (Dkt. No. 28); a Certificate of Default was entered on October 2, 2013, (Dkt. No. 31). The entry of a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of the court. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). Accordingly, pursuant to Fed. R. Civ. P. 55(b)(2), the court grants State Farm's motion for entry of default

---

[1] The court notes that, although Brant was an active duty member of the military from May 18, 2009 through June 13, 2013, he was not on active duty at the time of the application for the entry of default. (Dkt. No. 34, Attach. 2 at 37.)

2

judgment against Brant.  *See S.E.C. v. Syndicated Food Servs. Int'l, Inc.*, No. 04-CV-1303, 2010 WL 4668777, at *1 (E.D.N.Y. Nov. 9, 2010).

With respect to State Farm's request for interpleader relief, it specifically "seeks an Order pursuant to [Fed. R. Civ. P.] 22 granting [it] interpleader relief against Brant, discharging [it], and its employees, agents, officers, directors, shareholders, attorneys, parent and affiliated corporations, predecessors and successors-in-interest, subsidiaries and assigns from any and all liability, suits, debts, judgments, dues, sums and/or cause[s] of action, whether at law or in equity, to Brant for any and all life insurance death benefits arising under [the four policies of insurance at issue—AS-0049-4530, AS-0072-3222, AS-0103-9987, and AS-0143-2221 ("Policies")—] on account of the death of [Brant W. Day (Decedent)] and permanently restraining and enjoining Brant from instituting and/or prosecuting any other suit, cause of action of civil proceeding in any state, federal or other court of competent jurisdiction against State Farm seeking life insurance death benefits or asserting damage claims arising under the Policies, on account of the death of the Decedent."  (Dkt. No. 34, Attach. 1 at 15.)  State Farm also seeks an "Order directing that the Clerk enter judgment to close the interpleader action with respect to Brant."  (*Id.*)  The

3

court concludes that interpleader relief against Brant is appropriate for the reasons set forth in State Farm's memorandum of law, (*see* Dkt. No. 34, Attach. 1 at 11-15), and grants State Farm's motion in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that State Farm's motion for entry of default judgment and interpleader relief against third-party defendant Brant K. Day (Dkt. No. 34) is **GRANTED**; and it is further

**ORDERED** that State Farm, including its employees, agents, officers, directors, shareholders, attorneys, parent and affiliated corporations, predecessors and successors-in-interest, subsidiaries and assigns, is discharged from and against any and all liability, suits, debts, judgments, dues, sums and/or causes of action, whether at law or in equity, to Brant K. Day for any and all benefits arising under the policies AS-0049-4530, AS-0072-3222, AS-0103-9987, and AS-0143-2221 on account of the death of Brant W. Day; and it is further

**ORDERED** that Brant K. Day is permanently restrained and enjoined from instituting and/or prosecuting any other suit, cause of civil proceeding in any state, federal or other court of competent jurisdiction against State Farm seeking benefits or asserting damage claims arising

4

under the policies AS-0049-4530, AS-0072-3222, AS-0103-9987, and AS-0143-2221 on account of the death of Brant W. Day; and it is further

**ORDERED** that the Clerk enter default judgment in favor of State Farm against Brant K. Day as set forth in this order; and it is further

**ORDERED** that the Clerk close the interpleader action with respect to Brant K. Day; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

January 3, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court